UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK HAGELIN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil No. 06-51-B-W |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

RECOMMENDED DECISION ON
MOTION TO DISMISS 28 U.S.C. § 2254 PETITION (Docket Nos. 1 &  9),
PETITION FOR WRIT OF MANDAMUS (Docket No. 5),
AND MOTION FOR INJUNCTIVE RELIEF (Docket No. 15) and
ORDER ON
MOTIONS TO AMEND (Docket Nos.12 & 13) and
MOTION FOR *SUBPOENA DUCES TECEM* (Docket No. 6)

Mark Hagelin has filed a 28 U.S.C. § 2254 petition[1] challenging the revocation of

his pre-conviction bail and the imposition of house arrest (Docket No. 1), in relation to

animal cruelty charges against Hagelin stemming from his involvement in a home-based

dog breeding operation.  The State of Maine has filed a motion (Docket No. 9) arguing

that Hagelin has not exhausted his state remedies apropos the revocation and that the

petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1).  Hagelin has also filed a

pleading he describes as a petition for writ of mandamus (Docket No. 5) and a motion for

injunctive relief (Docket No. 15).  For the reasons that follow, I recommend that the

Court grant the State's motion and dismiss Hagelin's § 2254 petition for failure to exhaust

his state remedies.  I also recommend that the court deny Hagelin's petition for a writ of

---

[1]     Hagelin first sought relief directly from the First Circuit Court of Appeals.  In a March 30, 2006, judgment the First Circuit transferred the case to this court.  (Docket No. 1, Parts 2 & 9.)

mandamus and his motion for injunctive relief.  I grant Hagelin's two motions to amend

and deny his motion for <u>subpoena duces tecem</u>.

***Discussion***

***Recommended Dispositions***

> ***Motion to Dismiss Hagelin's 28 U.S.C. § 2254 Petition (Docket Nos. 1 & 9)***

With respect to the State's argument that Hagelin's 28 U.S.C. 2254 petition should

be dismissed because of his failure to exhaust his state remedies 28 U.S.C. § 2254(b)(1)

provides:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> unless it appears that—
>> **(A)** the applicant has exhausted the remedies available in the courts
>> of the State; or
>> **(B)(i)** there is an absence of available State corrective process; or
>>   **(ii)** circumstances exist that render such process ineffective to
>> protect the rights of the applicant.

28 U.S.C. § 2254 (b)(1).

The State identifies 15 M.R.S.A. § 1097(3) and Maine Rule of Criminal

Procedure 46(d)(2) as the effective remedies that were available to Hagelin to challenge

his pre-trial release revocation. Section 1097(3) of title 15, governing dispositions after

the revocation of pre-conviction bail, provides:

> **Appeal.** A defendant in custody as a result of an order issued under this
> section by the District Court may appeal to the Superior Court and a
> defendant in custody as a result of an order issued under this section by the
> Superior Court may appeal to a single Justice of the Supreme Judicial
> Court. The appeal must be in accordance with the procedures set forth in
> section 1028, as far as applicable, except that the review is limited to a
> review of the record to determine whether the order was rationally
> supported by the evidence. The determination by the court or single justice
> is final and no further relief is available.

15 M.R.S.A. § 1097(3).  Maine Rule of Criminal Procedure 46(d)(2) provides:

2

> *Appeal.* An appeal of post-conviction bail under 15 M.R.S.A. § 1051, or
> an appeal of revocation of pre-conviction bail under 15 M.R.S.A. § 1097
> or revocation of post-conviction bail under 15 M.R.S.A. § 1099-A shall be
> taken by filing a notice of appeal with the clerk of the Superior Court. The
> clerk shall promptly deliver a copy of the notice to any designated Justice
> of the Supreme Judicial Court. On receipt of the notice of appeal, the trial
> court's order and the available record of the hearing below, the assigned
> Justice shall review the record and, with or without briefing or argument,
> determine whether the trial court's order is without a rational basis.

Me. R. Crim. P. 46 (d)(2).

In answer to the State's motion to dismiss Hagelin has filed a response (Docket No. 11) and an amended response (Docket No. 14).  His response is a six-page pleading[2] describing his mental and physical problems, arguing that his bail conditions were set in order to provide grounds for a warrantless search of his residence, asserting that the State agents have used threat, duress, and coercion in bringing charges against Hagelin, explaining that the house arrest can trigger panic attacks, and complaining about the delay by the State in bringing his case to trial.  (Resp. Mot. Dismiss at 1-6.)  Hagelin states that he believes that exhaustion in the state court applies only to post-conviction efforts to seek review, not efforts to get the federal court to grant pre-trial "interlocutory appeals."  (Id. at 5.)  "The Federal courts allow for interlocutory appeals," Hagelin opines, "Maine does not."  (Id.)

In his amended response Hagelin seems to be asserting that the federal court's ability to certify questions of law to the Maine Supreme Court under Maine Rule of Appellate Procedure 25 is an avenue for this court's review of his habeas petition and that that appellate rule does not contain an exhaustion requirement.  He advances two "incomplete" issues of law for certification to the Maine Supreme Court:

---

[2]      Twelve pages actually are included in the PDF of this response but the last six-pages appear to be entirely duplicative of the first six.

> 1) The warrant used to seize the dogs authorized by MRSA was unconstitutional and violated procedural due process under the 5th Amendment, no just compensation was given for the dogs and puppies taken.
> 2) 17 MRSA 1021 4C is unconstitutional because it violates procedural due process by denying the right to a trial by jury under the 6th and 7th Amendments.
> ....
> 3) 17 MRSA 1021-5A is a denial of due process under the 5th Amendment, no just compensation is given.

(Am. Resp. Mot. Dismiss at 2-3.)

Assuming that Hagelin could seek federal 28 U.S.C. § 2254 review of the revocation of his pretrial release and his placement under house arrest, the events leading to the revocations do not seem to be the substance of Hagelin's discontent judging from the questions that he proposes this court certify to the Maine Law Court.[3]  That concern aside, it is obvious to me that Hagelin cannot circumvent the exhaustion requirement of 28 U.S.C. § 2254(b)(1) by requesting that the court certify these three questions to the Maine Law Court.  The proposition is absurd.  So, assuming that Hagelin can challenge the revocation of his pre-trial release via a 28 U.S.C. § 2254 petition, his petition should be dismissed because he has not pursued the available state remedies set forth in 15 M.R.S.A. § 1097(3) and Maine Rule of Criminal Procedure 46(d)(2).

### *Hagelin's Petition for a Writ of Mandamus (Docket No. 5)*

Hagelin has also filed a petition for a writ of mandamus (Docket No. 5). Mandamus, according to Black's Law Dictionary, is: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial

---

[3]     The proposed questions are also issues that Hagelin can raise in the context of his state prosecution and, if dissatisfied with the lower court resolution, can present to the Maine Law Court in a direct appeal. If Hagelin is still unhappy with the results Hagelin could then petition the United States Supreme Court for review.  Contrary to Hagelin's perception, this court most certainly does not take interlocutory appeals of constitutional questions arising in an ongoing state criminal prosecution.  See infra footnote 6.

duties correctly." Black's Law Dictionary 980 (8th Ed. 2004). In this petition Hagelin references, what he describes as, the First Circuit Court of Appeals' chastisement of Maine Attorney General Steven Rowe and Maine Drug Enforcement Agency Head Roy McInnis for "sanitizing" affidavits. (Pet. Writ Mandamus at 1.) Hagelin asserts that this practice was perpetrated apropos the search warrant in his case. (Id.) He maintains that the Maine Law Court and the Maine legislature have been complicit in their silence on this question and complains that the State of Maine does not tolerate interlocutory appeals. (Id. at 1.) Hagelin also contends that the Maine courts should have the same speedy trial standard as the Federal courts. (Id.) Hagelin asks this Court to, "order the State of Maine and all of its courts and agents of the various agencies to":

> 1. Stop the practice of sanitizing or allowing the sanitizing of affidavits for search warrants.
> 2. Clearly define by statute what constitutes a speedy trial with a specific time limit and what may [be] considered an exception to said time limit, with said exception[s] being clearly defined and when, if an exception exists, the time limit for a speedy trial resumes.

(Id. at 2.)

I recommend that the Court deny this petition because it is an inappropriate vehicle to pursue these claims, see supra footnote 3, and is entirely frivolous.

### Motion for Injunctive Relief (Docket No. 15)

In his unsigned[4] motion for injunctive relief Hagelin complains that his house arrest makes him a "'sitting target'" and that he is in "reasonable fear of his life" after receiving an anonymous call from an individual who purportedly overheard a

---

[4] In a May 31, 2006, order I indicated that ruling would be reserved on this motion and warned that the pleading would be stricken unless Hagelin filed a signed copy within three business days. (Docket No. 16.) In view of my determination that the underlying 28 U.S.C. § 2254 petition cannot be brought because of Hagelin's failure to exhaust his state remedies there is no reason to delay denying the motion for injunctive relief.

conversation in which "it was stated that the 'Hagelin situation will be dealt with shortly and it will be made to look like an accident or suicide.'" (Pet. Inj. Relief at 1.) He asserts that his trial date has been moved back by a conspiratorial judge and this delay increases Hagelin's apprehension. (Id. at 1-2.) He suggests that the State has made money on the seized animals and that there have been thirteen deaths nationwide, not including the suicide of Hagelin's father, that "have been associated with the people behind the seizures." (Id.)[5] This motion does not identify what type of injunctive relief Hagelin imagines; the closest he comes to such a request is: "Blowing the whistle on the corruption has been the cause associated with these deaths and, if nothing else, the Petitioner is entitled to Federal protection under the Whistleblower statutes et al." (Id.) I recommend that the Court deny the motion for injunctive relief in view of my conclusion that Hagelin cannot bring the underlying 28 U.S.C. § 2254 petition because he has failed to exhaust his state remedies.

**Orders**

### Motion to Amend (Docket No. 12)

Hagelin's motion at Docket No. 12 seeks to amend his 28 U.S.C. § 2254 petition. Therein Hagelin cites multiple amendments of the United States Constitution and several federal statutes that he believes that the State of Maine has violated in its criminal proceedings against him. (First Mot. Am. at 1- 3.) Hagelin also cites several federal and state cases—as well as a maxim and quote or two - which he thinks advance his claims.

---

[5]    Hagelin relates that he has gone into hiding until his safety can be ensured. (Id.)

(Id. at 3-7.)   I grant the motion to amend and my recommendation that Hagelin's 28 U.S.C. § 2254 petition be dismissed for want of exhaustion still stands.[6]

### Motion to Amend (Docket No. 13)

Hagelin's motion to amend at Docket No. 13 seeks primarily to amend the petition to claim that his rights under the Animal Welfare Act of 1996 have been violated. (Second Mot. Am. at 1.)   Hagelin seems to believe that this act endows the United States Department of Agriculture with sole authority for the enforcement of animal welfare laws and contends that the agents of the State of Maine should be enjoined from violating that act by enforcing animal welfare laws.   (Id.)   I grant the motion to amend and stand by my recommendation that Hagelin's 28 U.S.C. § 2254 petition be dismissed for want of exhaustion.

### Motion for subpoena duces tecem (Docket No. 6)

In his motion for a subpoena duces tecem Hagelin seeks records in the possession of the Maine Department of Agriculture.   In view of my recommendation that this 28 U.S.C. § 2254 petition be dismissed because Hagelin has failed to comply with the threshold requirement that he exhaust his § 2254 claims, I deny this motion.

### Conclusion

For the reasons above, I recommend that the Court **GRANT** the State's motion and dismiss (Docket No.9) Hagelin's § 2254 petition (Docket No. 1) for failure to exhaust his state remedies.   I also recommend that the court **DENY** Hagelin's petition for a writ of mandamus (Docket No. 5) and his motion for injunctive relief (Docket No. 15).   I

---

[6]       These amendments do not focus solely on the revocation but seem to attack the validity of the underlying criminal proceedings.   While I confine the exhaustion inquiry to the pre-conviction revocation and the state remedies available for that determination, it is obvious that Hagelin – who is still awaiting trial – has not exhausted his non-revocation-related claims.

**GRANT** Hagelin's two motions to amend (Docket Nos. 12 & 13) and **DENY** his motion

for <u>subpoena</u> <u>duces</u> <u>tecem</u> (Docket No. 6).

<u>NOTICE</u>

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum,
within ten (10) days of being served with a copy thereof.  A responsive
memorandum shall be filed within ten (10) days after the filing of the
objection.

Failure to file a timely objection shall constitute a waiver of the
right to *de novo* review by the district court and to appeal the district
court's order.

June 2, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge